**United States District Court**
**Northern District of Indiana**
**Hammond Division**

| | |
|---|---|
| RASSON ROBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.  2:07-CV-442 JVB |
| v. | ) |
| | ) |
| JOHN YOAKUM., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Rasson Roby, a *pro se* plaintiff, filed a complaint under 42 U.S.C. § 1983. (Pro Se Prisoner Complaint, DE # 1). Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a *pro se* complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> To state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher* , 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim,
> Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted).

Nevertheless, a document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1965,

citing *Papasan v.Allain* , 478 U.S. 265, 286 (1986) (quotation marks omitted).

Mr. Roby alleges that on December 1, 2007, he was confined at Logansport State Hospital awaiting trial, when the defendant, John Yoakum, led a group of hospital attendants in a physical assault against him. According to Mr. Roby, as he slept nude, a female hospital attendant entered his room and removed the blanket from him. When he stood up, this attendant left the room; she returned with John Yoakum and a third attendant. While Yoakum held Mr. Roby, he claims the other attendants kicked him. At some point, Yoakum "grabbed me by the throat and choked me unconcious," Mr. Roby charges. During the assault Mr. Roby maintains he lay "in a fetal position" and "never hit anyone." The injuries he allegedly sustained as a result of this beating included a black eye, swelling, skin abrasions and bruising. (DE # 1 at 3-5).

> Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. It does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice. Accordingly, in ruling on a motion for a directed verdict in a case such as this, courts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury.

*Whitley v. Albers* , 475 U.S. 312, 321-322 (1986) (citations, ellipsis, and quotation marks omitted).

Though the Eighth Amendment's proscription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of

3

protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). Giving Mr. Roby the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he appears to be alleging more than a mere dispute over the reasonableness of the defendant's actions. It is reasonable to infer Mr. Roby claims that he was beaten maliciously and sadistically for no legitimate purpose. Consequently, the plaintiff has stated a claim against John Yoakum for the excessive use of force in violation of the Eighth Amendment.

Therefore, the Court:

(1) **GRANTS** the plaintiff leave to proceed against John Yoakum in his individual capacity for monetary damages on his Eighth Amendment excessive use of force claim;

(2) **DISMISSES** all other claims

(3) **DIRECTS** the Clerk of this Court to transmit the summons and USM-285 for John Yoakum to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on John Yoakum; and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that John Yoakum respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1.

**SO ORDERED** on June 30, 2008.

                                              s/ Joseph S. Van Bokkelen
                                              Joseph S. Van Bokkelen
                                              United States District Judge